UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. BOSLEY,<br><br>   Plaintiff,<br><br> v.<br><br>TRUCKEE POLICE DEPARTMENT,<br><br>   Defendant. | Case No. 2:23-cv-02994-JDP (PC)<br><br>**ORDER** FINDING THAT THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AND GRANTING LEAVE TO AMEND<br><br>ECF No. 1<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 5 |

  Plaintiff brings this action against the Truckee Police Department and alleges that criminal charges have wrongly been brought against him in state court. ECF No. 1 at 3. I find, for the reasons stated below, that the court should abstain from hearing his claims under the abstention doctrine in *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971). Rather than recommend immediate dismissal, I will give plaintiff an opportunity to amend and to explain why his claims are not barred by *Younger*. I will also grant plaintiff's application to proceed *in forma pauperis*. ECF No. 5.

**Screening Order**

**I.     Screening and Pleading Requirements**

Under § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II. Analysis**

Plaintiff alleges that state criminal charges have been brought against him unjustly and that he is innocent. ECF No. 1 at 2-4. Under *Younger*, a court should abstain from hearing a plaintiff's claims arising out of state proceedings if: "(1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so. . . ." *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). All four elements appear to be met here. Plaintiff indicates that the state criminal charges are ongoing. ECF No. 1 at 1 (alleging that his appointed public defender has been unhelpful). State criminal proceedings implicate important state interests. *Younger*, 401 U.S. at 43-44. Plaintiff has not argued that he is barred from raising any federal claims in state court. And the claims at issue, regarding the legitimacy of his arrest and prosecution, would enjoin the proceeding.[1]

The complaint cannot proceed for the reasons stated above. Plaintiff may file an amended complaint that explains why, if at all, his claims should proceed in spite of the *Younger* bar. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that this action be dismissed for failure to state a claim.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 5, is GRANTED.

---

[1] To the extent I have misread plaintiff's circumstances and he is attempting to attack a state conviction that is now finalized, he may do so in federal court, but only by way of a habeas petition. If his conviction is finalized, he may write to the court and request a habeas form.

IT IS SO ORDERED.

Dated:   May 7, 2024                                       /s/ Jeremy Peterson
                                                                 JEREMY D. PETERSON
                                                                 UNITED STATES MAGISTRATE JUDGE