UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. BOSLEY,<br><br>             Plaintiff,<br><br>     v.<br><br>TRUCKEE POLICE DEPARTMENT,<br><br>             Defendant. | Case No.  2:23-cv-2994-JDP (PC)<br><br>ORDER |

Plaintiff, a former county inmate, alleges in his second amended complaint the Truckee Police Department, Placer County Sheriff's Department, Kimco Reality, and unidentified police officers violated his constitutional rights. ECF No. 13. The allegations in the complaint are insufficient to proceed, and plaintiff's complaint will be dismissed with leave to amend.[1]

---

[1] Plaintiff has also requested access to submit digital evidence. ECF No. 14. Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff's motion does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants. The motion is denied.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The facts of the complaint are difficult at times to follow, but the court understands plaintiff to allege that on several different dates, police officers unlawfully cited, and on one occasion, violently arrested, him for trespassing in parking lots of certain businesses. ECF No. 13 at 3. Plaintiff claims that during this arrest, the police officers seized and destroyed his property.

*Id.* at 3-4. He further alleges that while in jail, he has been assaulted and pepper sprayed. *Id.* at 4. Plaintiff additionally claims that officers conspired against him to deny him his equal protection rights by stopping him from entering a grocery store. *Id.* at 5. Plaintiff seeks relief under 42 U.S.C. §§ 1982, 1983, 1985, 18 U.S.C. § 245(b)(4)(f), and California's Unruh Act and Tom Bane Act.

As an initial matter, several of the statutes relied upon by plaintiff are inapplicable. Plaintiff has pled no facts that would give rise to a 42 U.S.C. § 1982 claim. The complaint contains no allegations that plaintiff was seeking to rent or purchase property, or that he suffered racially discrimination. *See Phiffer v. Proud Parrot Motor Hotel, Inc.*, 648 F.2d 548, 551 (9th Cir. 1980) (explaining that a § 1982 claim is one for housing discrimination). The complaint is also devoid of facts indicating that plaintiff is a member of a protected class. The elements of a claim under section 1985(3) are: "(1) the existence of a conspiracy to deprive the plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury."[2] *I.H. by & through Hunter v. Oakland Sch. for Arts*, 234 F. Supp. 3d 987, 994 (N.D. Cal. 2017). Plaintiff alleges a claim for relief pursuant to 18 U.S.C. § 245(b), yet it is well established that this federal criminal statute, which permits federal prosecutions for interference with federally protected rights, does not confer a private right of action for damages. *See Cooley v. Keisling*, 45 F. Supp. 2d 818 (D. Or. 1999); *John's Insulation, Inc. v. Sisak Constr. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991).

Plaintiff's § 1983 claim suffers from a different defect—the facts are too conclusory. The complaint contains allegations that police officers harassed him, but he has not identified the date of these events or any individual officer involved. Moreover, plaintiff alleges that officers used excessive force against him during the arrest and at the jail, but he fails to identify the officers who did this. While an arrest without probable cause can violate the Fourth Amendment and give rise to a claim under § 1983, the complaint's conclusory allegations are not sufficient to state a

---

[2] While the complaint did not identify which section of 42 U.S.C. § 1985 plaintiff is seeking relief under, it contains three subparts, and subsection (3) provides a cause of action against state or private conspiracies. *See Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

3

cognizable claim for false arrest. *McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984); *Greathouse v. City of Fresno*, No. 1:24-CV-00715-JLT-BAM, 2024 WL 4729133, at *3 (E.D. Cal. Nov. 8, 2024).

Plaintiff has not sufficiently alleged facts to bring a claim against either the Truckee Police Department or the Placer County Sheriff's Department. To state a *Monell* claim, the complaint must allege that (1) plaintiff was deprived of a constitutional right, (2) the Department has a policy, custom, or practice which amounted to deliberate indifference to that constitutional right; and (3) the policy, custom, or practice was the moving force behind the constitutional violation. *See Dougherty v. City of Covina*, 654 F.3d 892, 900-01 (9th Cir. 2011) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a local government may be sued when an employee who committed a constitutional violation was "acting pursuant to an expressly adopted official policy, longstanding practice or custom, or as a final policymaker." *Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (citing *Monell*, 436 U.S. at 694). The complaint makes no allegations that any defendant has a policy, custom, or practice that was the moving force behind plaintiff's alleged constitutional violation.

Finally, plaintiff cannot bring a § 1983 claim against Kimco Realty because he has failed to allege that it was acting under the color of state law. *See* 42 U.S.C. § 1983 (providing a cause of action for *conduct by state actors* that violates an individual's constitutional rights).

In light of the foregoing, plaintiff has failed to adequately plead any federal claim. Therefore, the court declines to address the remaining state law claims. *Decker v. Shasta Cty.*, No. 2:16-cv-1179-KJN (P), 2017 WL 3601382, *3, 2017 U.S. Dist. LEXIS 134358, *8 (E.D. Cal. Aug. 22, 2017) ("Moreover, absent federal claims, this action cannot proceed solely on the basis of state law claims. Although the court may exercise supplemental jurisdiction of state law claims, a plaintiff must first have a cognizable claim for relief under federal law.").

Plaintiff may file an amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir.

2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's second amended complaint, ECF No. 13, is dismissed.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's motion to submit digital evidence, ECF No. 14, is denied.

IT IS SO ORDERED.

Dated:   November 20, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5