UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. BOSLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>TRUCKEE POLICE DEPARTMENT,<br><br>  Defendant. | Case No.  2:23-cv-2994-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

    Plaintiff, proceeding pro se, alleges that defendants Calahan and Yarborough, both officers with the Truckee Police Department, violated his Fourth Amendment rights by using excessive force against him during an arrest on September 22, 2023. ECF No. 16 at 3. After reviewing the third amended complaint, I find that the excessive force claim against these defendants is cognizable and should proceed. The other claims in the complaint, however, should be dismissed as inadequately plead and insufficiently related to the excessive force claim. I will direct plaintiff to submit service documents for Calahan and Yarborough and will recommend that his other claims be dismissed.

1

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

Plaintiff alleges that, on September 22, 2023, defendants Calahan and Yarborough, both officers with the Truckee Police Department, violated his Fourth Amendment[1] rights by using excessive force against him during an arrest. ECF No. 16 at 3. He claims both officers pressed their bodyweight against him and made it impossible for him to breathe. *Id.* Plaintiff also claims that he was unnecessarily sprayed with teargas while in his car. *Id.* He alludes to other dates and other officers at the scene, but the complaint fails to make explicit claims against the other officers, and they are not included in the caption of the complaint. Accordingly, only the claims against Calahan and Yarborough should proceed. Plaintiff's other claims should be dismissed.

Plaintiff's allegation that employees of Kimco Realty have harassed him and other homeless individuals in parking lots is non-cognizable for two reasons. First, as noted in my previous screening order, there is no indication that Kimco Realty is a state actor for the purposes of section 1983. Second, plaintiff's claims that unnamed employees have stalked and harassed him are too vague to proceed.[2] His only specific claim is that, in August 2023, an unnamed employee blocked his car and took pictures of it. *Id.* at 4. This allegation does not give rise to any federal claim and does not appear related to his excessive force claim.

Plaintiff's claim that, on September 20, 2023, unnamed Truckee Police department officers arrested him at a public parking lot is also too vague to proceed. *Id.* at 5. Plaintiff does not name any of the offending officers or indicate what happened during or after the arrest. Neither do his allegations, taken as true, show that this claim is sufficiently related to his excessive force claim.

---

[1] Plaintiff's section 1983 claim for excessive force proceeds under the Fourth Amendment insofar as it relates to his arrest. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989).

[2] I recognize that the complaint contains "additional statements" appended to the main body that add some detail and context to all claims raised in the complaint. ECF No. 16 at 7-11. These added allegations are, in most cases, difficult to trace back to the original claims insofar as they are not organized in any coherent way. Regardless, none of these added statements convince me that the other claims are sufficiently related to proceed with the excessive force claim.

Plaintiff has also filed a "supplemental exhibit" that contains a state habeas petition. ECF No. 17. He does not explain how he intends this petition to relate to his operative complaint and, in any event, a complaint must be complete in itself without reference to other documents. Accordingly, I find it unnecessary to consider or discuss this exhibit.

This case has been pending at the screening stage for more than a year, and this is plaintiff's third amended complaint. Accordingly, I find that further opportunities to amend are unwarranted. Plaintiff shall submit service documents for his Fourth Amendment claims against Calahan and Yarborough. His other claims should be dismissed.

Accordingly, it is ORDERED that:

1. Plaintiff may proceed with the Fourth Amendment claims against Calahan and Yarborough deemed cognizable in this order.

2. The clerk of court shall send plaintiff a USM-285 forms, a summons, a Notice of Submission of Documents form, an instruction sheet, and a copy of the complaint filed December 11, 2024, ECF No. 12.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

    a. one completed summons for the defendants;

    b. two completed USM-285 forms; and

    c. three copies of the signed December 11, 2024 complaint.

4. Plaintiff need not attempt service on defendant and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the U.S. Marshals Service to serve the above defendant pursuant to Federal Rule of Civil Procedure 4, without payment of costs by plaintiff.

5. The failure to comply with this order may result in dismissal of this action for failure to prosecute.

6. The Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that all other claims in the third amended complaint be dismissed for the reasons stated in the above findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 21, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOB M. BOSLEY,<br><br>         Plaintiff,<br><br>     v.<br><br>TRUCKEE POLICE DEPARTMENT,<br><br>         Defendant. | Case No.  2:23-cv-2994-JDP (P)<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff must submit:

   __1__     completed summons form

   __2__     completed forms USM-285

   __3__     copies of the December 11, 2024 complaint

 

_____

Plaintiff

Dated: