UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JACOB M. BOSLEY,

Plaintiff,

v.

J. CANHAM, *et al.*,

Defendants.

Case No. 2:23-cv-2994-DJC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner, brought this action pursuant to section 1983. On March 19, 2026, I granted in part defendants' motion to compel, ECF No. 33, and directed plaintiff to respond to their outstanding discovery requests within thirty days. ECF No. 39. On May 4, 2026, defendants filed a status report advising that plaintiff has not complied with my order. ECF No. 42 at 2. In my order, I informed plaintiff that, if he failed to comply with his discovery obligations, I would recommend that this action be dismissed. ECF No. 39 at 2. On September 1, 2026, defendants Canham and Yarborough filed a motion for terminating sanctions, ECF No. 44, wherein they argue that, despite my orders to do so, plaintiff has failed to comply with his discovery obligations. On October 8, 2026, plaintiff filed a one-page opposition to that motion, arguing that he has unsuccessfully attempted to obtain counsel in this matter, and that his pro se status has prevented him from properly submitting the discovery defendants have requested of him. ECF No. 46 at 1. Defendants have filed a reply arguing that terminating sanctions are

warranted because plaintiff's opposition is, effectively, an admission that he will not adequately participate in discovery. I agree and now recommend that this action be dismissed.

I must weigh five factors in determining whether this heavy sanction is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Additionally, only willfulness, bad faith, and fault will justify terminating sanctions. *Id.*

The first factor, the public's interest in expeditious resolution of litigation, weighs in favor of terminating sanctions. Plaintiff's refusal to timely and willingly comply with his discovery obligations unquestionably frustrates progress toward resolving this case. More broadly, "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). It may be that, to some uncertain degree, plaintiff's failure to comply is due to his lack of learning or familiarity with the law. Nevertheless, other pro se litigants routinely comply with their discovery obligations, and plaintiff's opposition fails to describe what, if any, steps he has taken to fulfill his own duties.

The second factor, the court's need to manage its dockets, also favors dismissal. Plaintiff's failure to comply with his discovery obligations has caused the case to be delayed, required the court to expend judicial resources on issues not related to the substance of plaintiff's claims, and injected a substantial degree of uncertainty into the course of this litigation. *See Patagalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("Arguably, Pagtalunan's petition has consumed some of the court's time that could have been devoted to other cases on the docket. It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as Pagtalunan.").

The third factor, risk of prejudice to defendants, also favors dismissal. "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). That is undoubtedly the

case here, where plaintiff's failure to respond to defendants' discovery requests has hampered their ability to litigate this case. *See*, *e.g.*, *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir. 1981) (overruled on other grounds in *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir. 1987)) ("Disregard of the discovery process deprived the defendant of needed information, increased its litigation expenses and forestalled its preparation for trial.").

The fourth factor, public policy favoring disposition on the merits, cuts, as always, against terminating sanctions. It lends little support, however, to a litigant who, by their own behavior, has impeded disposition on the merits. See I*n re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) ("Thus, we have also recognized that this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (internal quotation marks omitted). That is, for the reasons explained above, the case here.

Finally, the fifth factor, the availability of lesser sanctions, also weighs in favor of dismissal. Monetary sanctions would be ineffective where, as here, plaintiff is already proceeding *in forma pauperis*.

Plaintiff shall have a final opportunity to fulfill his discovery obligations during the pendency of these findings and recommendations. If he discharges those obligations by sending the discovery to defendants, defendants are hereby directed to inform the court that he has done so, and I will withdraw these findings and recommendations.

Accordingly, I RECOMMEND that:

1. Defendants' motion for terminating sanctions, ECF No. 44, be GRANTED; and

2. This action be DISMISSED due to plaintiff's failure to comply with his discovery obligations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE